[No. 27. Decided February 27, 1890.]

## JOHN F. SHEEHAN v. H. E. LEVY.

CHATTEL MORTGAGE — ILLEGAL SEIZURE — DAMAGES — PRACTICE.

Where a debtor mortgaged his stock of goods to a creditor, and gave him possession with authority to sell as expeditiously as possible, without sacrifice, and apply the proceeds to the payment of the debt; and the sheriff, with knowledge of this arrangement, seized the goods under attachments of other creditors of the mortgagor, and sold and scattered the goods so that they were lost to plaintiff: *Held*, that in the absence of any allegation of special damage, the mortgagee was entitled to recover of the sheriff the amount of his debt, and interest thereon, not exceeding the value of the goods at the time of the taking.

In an action against a sheriff for wrongfully seizing and selling goods mortgaged to secure an indebtedness, it is not necessary to plead their value at the time of taking, where no elements of special damage are alleged; but, in order to support a judgment in such case for the amount of the debt, there must be evidence as to the value of the goods seized.

Where, under a chattel mortgage, possession of the mortgaged goods is delivered to the mortgagee with power to sell them at private sale, the mortgagee is, in the absence of fraud, entitled to the undisturbed possession of the goods for disposal according to the terms of the contract, subject to a strict accounting for the proceeds, although the chattel mortgage may not be in the statutory form.

An item of special damage, which, though recoverable, was not alleged in the complaint, cannot be included in the judgment.

It is within the discretion of the court to grant or refuse a motion to strike appellant's brief, for the reason that it does not contain the pleadings and an abstract of the case, as required by the rules of the supreme court, as such matter is required purely for the convenient reference and information of the court.

*Appeal from District Court, Jefferson County.*

The facts are fully stated in the opinion.

*Smith & Hastings,* and *C. H. Gest,* for appellant.

The general rule as to the measure of damages in an action for conversion is the value of the property at the time of its conversion, with interest. *Jefferson v. Hale,* 31

Ark. 286; *Skinner v. Pinney*, 19 Fla. 42; *Coffey v. National Bank*, 46 Mo. 140; *McCormick v. Railroad Co.*, 49 N. Y. 303; *Shepard v. Pratt*, 16 Kan. 209.

The measure of damages in trespass against sheriff for goods wrongfully obtained is the value of said goods at time of wrongful taking. 12 Cal. 457; *Nightingale v. Scannell*, 18 Cal. 315; *Crowell v. Gilmore*, 18 Cal. 372; 20 Cal. 56; *Story v. Robinson*, 32 Cal. 206; *Empire Gold Mining Co. v. Bonanza Gold Mining Co.*, 67 Cal. 406.

*Thomas Burke*, and *T. N. Haller*, for appellee.

The mortgagee in possession of mortgaged property has the right of possession against the whole world, and can not be deprived of that possession until the debt for which the mortgage is executed has been satisfied. *Howe v. Keller*, 27 Conn. 538; *Marsh v. Wade*, 20 Pac. Rep. 578.

If the value of the goods taken by the defendant sheriff had not been stated anywhere in the complaint, the evidentiary stipulation or the findings of the judge, the defendant would still be liable to the mortgagee for the amount of the mortgage debt, with interest. *Norris v. McCanna*, 29 Fed. Rep. 757; *Fox v. Cronan*, 47 N. J. L. 493 (S. C. 4 Atl. Rep. 314); *Williams v. Raper*, 34 N. W. Rep. 890; *Wood v. Franks*, 56 Cal. 217; *Cretin v. Levy*, 37 La. Ann. 182; *Whitaker v. Sumner*, 9 Pick. 308.

Even if the value of the goods were nowhere stated in the case, then the burden of proof of less damage than the amount of the mortgage debt, or of no damage, from the defendant's negligence or breach of duty, rests on the defendant, and in the absence of such proof the judgment of the court below should be sustained. *Smith v. Tooke*, 20 Tex. 751; Sedgwick, Dam. (7th ed.), 449; *Bank of Rome v. Curtis*, 1 Hill, 275; *Purdee v. Robertson*, 6 Hill, 550; *Ransom v. Halcott*, 18 Barb. 56; *Humphrey v. Hathorn*, 24 Barb. 278.

The opinion of the court was delivered by

STILES, J. — The appellee brought suit against the appellant, the sheriff of Jefferson county, to recover damages for the unlawful taking of certain personal property from his possession, under the following circumstances: On the 5th day of November, 1887, one Rostein was the owner of certain goods, the stock in trade of a store kept by him, and on that day, being indebted to appellee in the sum of $1,118, he executed and delivered to appellee an instrument reciting the indebtedness, and authorizing appellee to take possession of the goods and sell them as expeditiously as possible, without sacrifice, and to apply the proceeds, after deducting the expenses of making sale, to the payment of the debt. As soon as the debt was paid the instrument was to be void. The property was forthwith delivered to the appellee, who commenced to dispose of it in accordance with the terms of the instrument. The sheriff had knowledge of this arrangement, but on the 7th day of November he seized the goods and took them from the possession of the appellee under certain attachments issued at the suit of other creditors of Rostein. Subsequently he sold the goods, and they were scattered and lost to the appellee. This action followed, and resulted in a judgment for appellee for the amount of his debt, interest and certain expenses. The sheriff appeals.

Appellee moved to dismiss the appeal, for the reason that the appellant's brief was not served twenty days before the term, inadvertently failing to note that the legislature had changed the first sitting of this court from January 6th to January 13th. A second motion was made to strike appellant's brief, for the reason that it did not contain the pleadings and abstract of the case, as required by rule 8. Appellant argued that the rules of the territorial supreme court were not in force as rules of this court, apparently not being aware that, at our first session, November

18th, 1889, we adopted those rules as the rules of this court. But, inasmuch as the matter omitted was required purely for the convenient reference and information of the court, the motion is directed entirely to its discretion, and we do not deem it best to follow the course suggested. We desire to remark in this connection, however, that appellant's argument that because the transcript in this case is not voluminous, and the evidence is contained in a commendably terse agreed statement of facts, there is no substantial reason for printing the pleadings and statement in the brief, is not a good one, even in the absence of a rule.

The complaint alleged: "That for a long time prior to the 5th day of November, 1887, one L. Rostein was indebted to this plaintiff in the sum of $1,118, and was the owner of a stock of goods, wares and merchandise, situated in the city of Port Townsend, Washington Territory, of the value of $2,000 and upwards;" and there was no other allegation of the value of the goods. Appellant maintains that for the failure to allege the value at the time of the taking, November 7th, it must be held that the complaint was insufficient; but it seems that the nature of the action was misconstrued by counsel for appellant, who assume to treat it as an action for the value of the goods, whereas it is clearly one upon the tort of the officer. In the latter case, although the value of the goods at the time of their taking limits the amount of the mortgagee's recovery, where no elements of special damage are pleaded, it is not necessary to plead the value. The damages are here alleged to have been $2,000, and we think that sufficient. The defendant denied the damage and the amount thereof; and that was the material issue. This was not a statutory chattel mortgage, such as is contemplated by chapter 141 of the code, although the mortgagee caused it to be recorded. Here the possession was forthwith delivered to the mortgagee, and the instrument contained a provision that the mortgagee might sell the goods at private sale.

Although the appellant assails this method of taking security, we can see no objection to it, even under our statute. In the absence of fraud, the parties can make such agreement as they see fit.   No fraud is alleged in this case, and the mortgagee was clearly entitled to the undisturbed possession of the goods, for disposal according to the terms of the contract, subject to a strict accounting for the proceeds by the mortgagee.   *Marsh v. Wade*, 20 Pac. Rep. 578; *Reynolds v. Thomas*, 28 Kan. 810; *Denny v. Van Dusen*, 27 Kan. 437;  Jones on Chattel Mortgages, 775a.   We are not here called upon to decide whether or not the interest of the mortgagor could be reached by creditors of the mortgagor until after the mortgage debt was paid; the officer took the goods and treated them as though the appellee had no right whatever to the goods or their proceeds, although, as the evidence shows, he had full knowledge of the mortgage and the possession of the appellee. He afterwards sold and scattered them beyond recall; and he now claims that the sum which he derived from their sale is, at most, the measure of appellee's damage. Neither chapter 141, nor the attachment law of 1886, in our judgment, bears any such construction.   Chapter 141 contemplates that the possession of the mortgaged property by the mortgagor gives the officer acting at the instance of other creditors, the right to take the property from his possession and sell it subject to the lien of the mortgage, to any purchaser, and this includes the right to deliver the possession to the purchaser.   But in doing this, he cannot sell so as to render it impossible for the mortgagee to follow the property into the hands of the purchaser.   Certainly the mortgagee in possession is in no worse position than the mortgagee who leaves the mortgaged property in the hands of the mortgagor.   We hold that in this case, in the absence of any allegation of special damage, the appellee was entitled to recover the amount of his debt and interest

thereon, not exceeding the value of the goods at the time of their taking.

Certain cases were cited by appellee to the point that he was entitled to his debt and interest without regard to the value of the goods, but they do not maintain the position assumed. In *Norris v. McCanna*, 29 Fed. Rep. 757, the court said: "No question was raised but that the value of the goods exceeded plaintiff's debt," from which we presume that there had been a finding as to the value. In *Wood v. Franks*, 56 Cal. 217, the controlling statute (Civil Code, § 2969) provided thus: "Before the property is so taken (by a sheriff taking mortgaged personal property), the officer must pay or tender to the mortgagee the amount of the mortgage debt and interest," etc., and the court held that an officer who took mortgaged property without such tender assumed the payment of the debt. But we have no such statute.

Appellee also maintains that if he is not entitled to his debt and interest, without regard to the value of the mortgaged property, the burden is upon the officer to show the property taken to be of less value than the amount of the debt and interest; and cites *Smith v. Tooke*, 20 Tex. 751; *Pardee v. Robertson*, 6 Hill, 550, and other cases in support. But an examination of those cases shows that they were actions against officers for their failure to make return of executions wherein the *gravamen* of the controversy was the failure of duty on the part of the officer, which is not in any sense parallel to the case at bar; and we can not agree to the proposition. In all cases where damage results from neglect of official duty on the part of an officer, there are many presumptions justly indulged against him; but here the defendant is not sued as an officer at all, much less upon any alleged neglect; nor should we know him as an officer, but for his answer, wherein he endeavors to excuse his act because he was an officer, acting under lawful process.

Thus far the better of this appeal is with the appellee, and we should have been content to affirm with a slight modification, were it not that the cause comes to us weighted with another objection which we deem so vital as to necessitate a reversal and new trial.  The parties desiring a trial by the court without a jury or the actual presence of witnesses, agreed upon and filed a statement of facts and submitted the case upon it.   From the statement the court found the facts, and both statement and findings are in the record; and one of appellant's assignments of error is, that neither in the statement nor in the findings is there any reference whatever to the value of the goods seized by the officer.   It is a fact that there is no evidence, and therefore no finding of this value, which, under our view of the case, as hereinbefore stated, was necessary to support the judgment.   Under chapter 17 of the code the findings of the court stand as a verdict, and must be equally supported by testimony.   Had this case been tried by a jury upon the agreed statement, and a charge that the appellee was entitled to a verdict for his debt and interest, not exceeding the value of the goods, their verdict for any amount would have been set aside, since they would have had no basis at all for their findings.

The judgment also included $46 expenses found to have been incurred by the appellee for the rent of the building in which the goods were kept by him.   This should not have been so included, as it was an item of special damage, which, although recoverable, was not alleged in the complaint.

The judgment is reversed, and a new trial ordered, with costs to the appellant, not including the expense for his defective brief.

ANDERS, C. J., and HOYT, SCOTT, and DUNBAR, JJ., concur.