[No. 3747. Decided February 25, 1901.]

JAMES CARROLL et al., Appellants, v. E. E. CAINE, et al., Appellants.

ACTION FOR BREACH OF CONTRACT — SUFFICIENCY OF COMPLAINT.

Where a complaint alleges a contract whereby defendants undertook to lighter a cargo of lumber from a vessel and deliver same to plaintiffs' yard, and that defendants took possession of the lumber and delivered a portion thereof to plaintiffs, but neglected and refused to deliver the remainder, it states a cause of action for the breach of a contract entitling piaintiff to recover only such damages as naturally flow from failure to deliver, but the complaint cannot be held to allege conversion or the loss of the lumber to plaintiff.   (DUNBAR, J., dissents).

SAME — EVIDENCE.

Under such a complaint, evidence tending to show loss of any portion of the lumber is inadmissible.

SAME — INSTRUCTIONS — MEASURE OF DAMAGES.

In an action to recover damages for the breach of a contract to deliver a cargo of lumber from the vessel to plaintiffs' yards, in which the evidence shows that the lumber had been lightered to the beach and only a portion delivered to plaintiffs, but there was no evidence as to the cost of hauling the undelivered portion from the beach to plaintiffs' yards, an instruction was erroneous which charged the jury that, if they found for plaintiffs, the measure of damages would be such sum as it would cost plaintiffs to remove the remainder of the lumber from the beach

to the yard, as the true measure was the difference between the actual cost and the contract price.

Appeal from Superior Court, King County—Hon. ORANGE JACOBS, Judge. Reversed.

*J. K. Brown* and *Gorham & Gorham,* for plaintiffs.

*Stratton & Powell* and *Munday & Fulton,* for defendants.

The opinion of the court was delivered by

FULLERTON, J.—The complaint of the plaintiffs, omitting the title and caption, was as follows:

"1.    That at all the times herein mentioned the above named plaintiffs were, and now are, co-partners under the firm name of Carroll, Johnson & Company.

"2.    That at all times herein mentioned the above named defendants were, and still are, co-partners in business under the firm name of Seattle Lighterage and Floating Dock Company, and as such partners engaged at Dyea, Alaska, in the business of lightering from vessels in the harbor of said Dyea to the beach at said place, and hauling by teams from said beach, to the place of delivery agreed upon, the cargoes of vessels arriving at said Dyea.

"3.    That on or about the 7th day of March, 1898, at said Dyea, Alaska, the plaintiffs were the owners of three hundred and thirty-nine thousand, nine hundred and thirty seven (339,937) feet of lumber on board of, and a portion of the cargo of, the ship Garfield; and then and there a contract was duly entered into between the plaintiffs and the defendants, by which contract, the said defendants agreed to lighter from the ship Garfield, at said Dyea, Alaska, and to haul to the yard of plaintiffs at said Dyea, said 339,937 feet of lumber, and to deliver said lumber to plaintiffs at plaintiffs' said yard, and said plaintiffs agreed to pay the defendants for such services the sum of five ($5.00) dollars per thousand feet of said lumber upon the delivery of said lumber to plaintiffs at their said yard.

"4.　That in pursuance of said contract the plaintiffs on or about March 13, 1898, delivered the said lumber to defendants on board said ship at said Dyea to be lightered and·hauled by defendants as provided by said contract, and defendants then and there took possession of said lumber for said purpose, and unloaded the same from said ship, and delivered to said plaintiffs at their said yard eighty nine thousand eight hundred and twenty three feet (89,823) thereof, but have ever since neglected and refused, and still neglect and refuse, to deliver the balance of said lumber, to-wit: two hundred and fifty thousand one hundred and fourteen (250,114) feet thereof to plaintiffs.

"5.　That the market value of the said 250,114 feet of lumber at Dyea, Alaska, on or about March 13, 1898, was the sum of ten thousand and eight hundred and seventy-four and 75-100 ($10,874.75) dollars.

"6.　That, by reason of the said refusal and neglect of said defendants to deliver said 250,114 feet of lumber to plaintiffs in pursuance of said agreement, these plaintiffs have been damaged in the sum of nine thousand one hundred and seventy-five and 07-100 ($9,175.07) dollars, and interest thereon from March 13, 1898, no part of which has been paid to plaintiffs.

"Wherefore plaintiffs demand judgment against defendants in the sum of $9,175.07 with interest thereon from the 13th day of March, 1898, besides the costs of this action."

To the complaint the defendants demurred on the ground that it did not state facts sufficient to constitute a cause of action.　The demurrer was overruled, whereupon they answered, putting in issue all of the material allegations of the complaint, save those contained in paragraphs 1 and 2 thereof.　They also pleaded certain matters affirmatively, to which a reply was filed; but as the cause was tried upon the allegations of the complaint and the denials thereto, the issues thus made need not be stated.

On the trial, which was had before the court and a jury, the plaintiffs introduced evidence tending to prove the making of the contract as alleged in the complaint; the delivery of the lumber on board the ship to the defendants; that the defendants lightered the whole thereof to the shore on barges, delivered at plaintiffs' yard 89,000 feet thereof, and failed to deliver the remainder. They then offered to prove that the defendants took some 180,000 feet of the lumber to their own yards, and subsequently disposed of it; that the remainder was washed from off the barges through the carelessness and neglect of the defendants; a demand for and the refusal to deliver the lumber; and its market value at Dyea, on the 13th day of March, 1898. The court refused to permit this evidence to go to the jury, whereupon the plaintiffs rested. The defendants then moved the court to withdraw the case from the jury and enter a judgment for the defendants, which motion the court overruled. The court thereupon submitted the cause to the jury, instructing them that if they found that a contract had been entered into as alleged in the complaint, and that the defendants had lightered the lumber to the shore, and delivered to plaintiffs' yard only a part thereof, the plaintiffs would be entitled to recover as damages such sum as it would cost them to remove the remainder of the lumber from the beach to the yard. The jury returned a verdict in favor of the plaintiffs for $912, upon which judgment was afterwards entered for that sum.

Both parties appeal. The plaintiffs assign error on the ruling of the court rejecting their offers of evidence, and the instruction as to the measure of damages; the defendants, on the order overruling their demurrer to the complaint, the refusal to withdraw the case from the jury

and enter a judgment for the defendants, and the instructions as to the measure of damages.

That the complaint states a cause of action cannot, we think, be seriously questioned. It sets out a contract between the parties, and avers a breach thereof on the part of the defendants, to the plaintiffs' damage. Under this form of complaint the almost universal holding is that the plaintiff may prove and recover those damages which naturally and necessarily result from the injury complained of. Special damages only,—those which are the natural but not the necessary result of the act complained of,—must be specially pleaded. *Robinson v. Marino,* 3 Wash. 434 (28 Pac. 752, 28 Am. St. Rep. 50) ; 1 Sutherland, Damages (2d ed.), § 418; 5 Enc. Pl. & Pr., p. 717; *Sheehan v. Levy,* 1 Wash. 149 (23 Pac. 802) ; *Roberts v. Graham,* 6 Wall. 578.

But while these rules are well established, like many general rules they do not of themselves teach much. The difficulty lies in their application. Contracts, breaches of contracts, and damages arising therefrom, are of such infinite variety that it is impossible to lay down rules which will do more than serve as general guides to the determination of the rights of parties thereunder, leaving each particular case to be largely controlled by its own peculiar facts. Turning to the facts of the case before us, we know from the complaint that the plaintiffs and defendants entered into a contract whereby the defendants undertook, at the harbor of Dyea, Alaska, for the promise of a valuable consideration, to lighter from a vessel and haul to the yard of plaintiffs a certain quantity of lumber; that they took possession of the lumber on board the vessel, unloaded the same therefrom, delivered to plaintiffs at their yard a certain part thereof, and neglected and refused to

deliver the remainder. It is not alleged that the defendants converted this remainder to their own use, nor is it alleged that the same was lost to the plaintiffs. The presumption, therefore, must be that the plaintiffs received it through some other source. This being true, it would seem that the damages naturally and necessarily arising from the act complained of were either nominal, which arise from the mere breach of the contract itself, regardless of actual damage, or the difference between the contract price for the delivery of the lumber and the actual cost which the plaintiffs will be put to in obtaining its delivery, together with the incidental losses occasioned by delay in delivery, if any,—this, of course, if the actual cost exceeded the contract price, and if the delay in delivery was not caused by some neglect of the plaintiffs. But the plaintiffs contend that the complaint alleges a failure to deliver under a contract of carriage, and that the measure of damages for a failure to deliver under such a contract is the market value of the goods at the time they should have been delivered, less the proper charges of transportation and delivery, if these have not been paid. This is undoubtedly the rule where the result of the breach is the loss of the goods to the shipper, but we do not understand how it aids the plaintiffs. The question is one of pleading. It is, can the plaintiffs show a loss of the goods, where they have neither alleged a conversion on the part of the carrier, nor a loss of the goods to themselves? On principle, it would seem they could not. The Code requires that the complaint contain a plain and concise statement of the facts constituting the cause of the action. The purpose of this was to compel the plaintiff to so frame and word his complaint as to inform the defendant of the precise nature of the act of commission or omission for which the plaintiff

seeks to hold him responsible. Certainly he could not know that the plaintiff intended to charge him with the loss of lumber under an allegation that he had received it to carry to a certain place, and had neglected and refused to do so. This was not necessarily a conversion of the lumber. To constitute a conversion, the defendant must be guilty of some wrongful act of commission or omission which deprives the plaintiff of his property, either permanently or for an indefinite time. It consists in the exercise of dominion or control over property inconsistent with, and in denial of, the rights of the true owner, or the person having the right of possession. Nor does it charge a loss of the goods to the plaintiff, unless it be by the remotest inference, and this is insufficient under a rule requiring the facts to be stated. True, it is only ultimate facts that need to be pleaded, and defective statements are sufficient as against a general demurrer, or an objection to the admission of evidence on the ground that the complaint fails to state a cause of action; but these rules do not cure the entire absence of allegation. Furthermore, no precedent has been cited us where proof of the loss of the goods has been permitted under allegations as general as the plaintiffs have contented themselves with in the complaint before us, while, on the other hand, the approved precedents require some form of allegation showing a conversion, or the allegation that the goods were lost to the plaintiffs in addition to the allegation of non-delivery, as a requisite of a good cause of action for the value of the goods not delivered. 2 Boone, Code Pleading, pp. 102, 103.

This view of the complaint necessarily precludes the plaintiffs from introducing proofs tending to show a loss of the lumber, and hence there was no error in the ruling

of the court rejecting their proffered evidence. The rule given the jury as to the measure of damages was also as favorable to the plaintiffs as they had the right to ask, and consequently we find no error in the plaintiffs' assignments. As to the defendants, however, the rule as to the measure of damages was clearly wrong. In the first place, there was no evidence before the jury whatever as to the cost of hauling the lumber from the beach to plaintiffs' yard; but, had there been, the rule was wrong, because the plaintiffs could only recover the difference between the actual cost and the contract price.

The judgment is therefore reversed on the defendants' appeal, and the cause remanded for a new trial.

REAVIS, C. J., and ANDERS, MOUNT and HADLEY, JJ., concur.

DUNBAR, J. (dissenting)—I dissent. I think paragraph 4 of the complaint states a conversion. When it is alleged, as it is, that the defendants took possession of the lumber under a lightering contract; that they afterwards delivered a part of the lumber to plaintiffs, and refused, and still refuse, to deliver the balance of said lumber to plaintiffs, it is an exceedingly strained construction of the allegations to say that the plaintiffs might have come into possession of the lumber in some other way. Our statute has undertaken to supplant the technical and hair-splitting constructions given to pleadings by the common law by a plain, common-sense construction; and it is folly to say that a man of common understanding would not have understood from the language of this complaint that he had converted the plaintiffs' lumber, and that he was called upon to answer that charge; and if he could so understand it, under both the spirit and letter of the Code, the complaint was sufficient.