[No. 251.   Decided January 5, 1892.]

## H. E. LEVY, *Appellant*, v. J. F. SHEEHAN, *Respondent.*

SHERIFFS—ILLEGAL SEIZURE—DAMAGES—EVIDENCE—STIPULATIONS.

In an action against a sheriff for damages for the unlawful seizure of goods, the plaintiff recovered judgment upon an agreed statement of facts, stipulating for trial thereon without a jury.  On appeal, the judgment was reversed on the ground that there was no proof of the value of the goods taken.  On a re-trial, the court denied plaintiff's motion for a jury trial, and sustained an objection to proof of the value of the goods, holding that the parties were conclusively bound by the terms of the agreed statement of facts.  *Held,* That, under the circumstances, plaintiff's action was equivalent to a motion to set aside the stipulation, and proof of value was admissible.

*Appeal from Superior Court, Jefferson County.*

Action by H. E. Levy against J. F. Sheehan for the unlawful seizure of goods which plaintiff claimed under the terms of a chattel mortgage.

*Thomas Burke* (*Burke, Shepard & Woods,* of counsel), for appellant.

*John P. Gale,* and *John P. Fay* (*Park Henderson,* of counsel), for respondent.

The opinion of the court was delivered by

STILES, J.—The cause is here upon a second appeal, the decision on the former appeal being found in 1 Wash. 149. (23 Pac. Rep. 802.) It now appears that the court below, after allowing plaintiff to file an amended complaint, to which the defendant answered, proceeded to try the cause. Thereupon, the agreed statement of facts having been submitted, the plaintiff offered to prove by witnesses the value of the goods taken from him by the defendant, but the court sustained an objection to any proof whatever except that contained in the statement, holding that the parties were conclusively bound by its terms. The result of this action was a nonsuit, the very proof for the want of which the case was reversed on the former appeal being still absent. Appellant now urges the action of the court in refusing to hear testimony concerning the value of the goods as error, and, under the circumstances, we are disposed te agree with him. The terms of the stipulation are these:

"It is hereby stipulated and agreed by and between the parties hereto, plaintiff and defendant, by their attorneys, that the following are the facts, and all the facts, upon which this case shall be tried, and that the same are true, to wit: (Then follow the facts.) And it is further stipulated that this cause shall be submitted to the court with-

out a jury upon the complaint and answer as amended and reply, and upon the note and mortgage in this case, and the aforesaid facts as the evidence, and all the evidence, in this action."

The stipulation was undoubtedly made on the part of the plaintiff proceeding upon the theory that under the case of *Wood v. Franks*, 56 Cal. 217, and the other cases commented upon in the former opinion, the seizure of the goods by the defendant made him absolutely liable for the plaintiff's debt and interest, no matter what was the value of the goods seized; or that, at least, the burden was upon the defendant to show the goods to be of less value than the amount of plaintiff's debt; and, on the part of the defendant, the theory was that the plaintiff's non-compliance with certain statutory requirements had rendered his mortgage void as to creditors of Rostein. So that in the mind of neither did the question of value, at that time, appear of any importance, as it was not, so far as the pleadings were concerned. The court below, at the first trial, held with the plaintiff, and gave him judgment for his debt and interest; but this court considered the proper rule to be as laid down in the former decision, so that under the law of the case, as thereby fixed, value was one of the most material elements of the plaintiff's proof on a second trial, which this court regretfully ordered. Now, we had seen and read the stipulation, and had we had any idea that it would continue under all circumstances the only source from which facts could be made to appear upon the second trial, we should certainly not have remanded the cause, but would have dismissed it at once. We did not then remand for re-trial upon the question of value alone, as was requested on petition for re-hearing, because, although such might be a proper course under some circumstances, we did not think it just that the stipulation should be continued as binding upon the defendant while it was not so on the plaintiff.

At the second trial the plaintiff moved for a jury trial, which motion was denied upon the ground that the stipulation controlled. Next, plaintiff ordered testimony as to value, which, as has been before stated, was rejected. Under the circumstances, we think the court should have taken this action of the plaintiff as equivalent to a motion to set aside the stipulation, if such a motion were necessary. Much is said in the briefs of counsel as to the sacredness of stipulations entered into between attorneys in a cause, and we do not find it necessary to dispute anything thus stated. But where it appears so clearly upon the face of the pleadings, and the stipulation, that both parties were acting under a mistake when the agreement was entered into, it would be a matter of course that the mistake should be relieved against. Indeed, the respondent does not maintain that there should not have been such relief for the appellant, but objects only on the ground that there was no formal motion, based upon affidavits showing the mistake. The method by formal motion would undoubtedly have been the better practice; but there was no necessity for affidavits, since under the decision of this court, which had become the law of the case, the mistake was apparent without any further proofs.

The judgment is reversed, and the cause remanded for a new trial.

ANDERS, C. J., and DUNBAR, HOYT and SCOTT, JJ., concur.