## TRUETT v. ONDERDONK.*

### S. F. No. 587; September 14, 1897.

#### 50 Pac. 394.

**Dismissal of Action.—A Direction by Plaintiff to the Clerk,** though sufficient to authorize him to enter a judgment of dismissal in a pending action, did not effect a dismissal, where such judgment was never entered; and the court therefore retained jurisdiction over the cause and the parties.

**Dismissal of Action—Fraud in Procuring.—After the Commencement** of an equitable action for a partnership accounting, the parties submitted to arbitration, and, on payment of the amount awarded to him, plaintiff executed to defendant a full release, and to the clerk a direction to enter a dismissal of the action; but no judgment of dismissal was ever entered. Plaintiff, on discovering, long afterward, that defendant had been guilty of a fraudulent suppression and misrepresentation of facts in effecting said settlement, filed a retraction of such authority to dismiss, and a motion for an order authorizing same, supported by affidavits setting out the fraudulent acts, none of which were controverted, and showing defendant's absence from the state. Defendant appeared by counsel, and filed a counter-motion for the entry of judgment of dismissal, pursuant to the previous authorization. Held, that an order refusing to vacate plaintiff's direction, and ordering the entry of judgment of dismissal, was erroneous, though such dismissal was without prejudice, where there was no showing that defendant would ever return to the state.

APPEAL from Superior Court, City and County of San Francisco; J. M. Seawell, Judge.

Action by Miers F. Truett against Andrew Onderdonk for an accounting and a dissolution of their copartnership. From a judgment in favor of defendant, plaintiff appeals. Reversed.

T. M. Osmont for appellant; Fox, Kellogg & Gray for respondent.

---

*For subsequent opinion, see 120 Cal. 581, 53 Pac. 26.

HAYNES, C.—The plaintiff and defendant, many years ago, were copartners as contractors for the construction of sea-walls, filling in streets, and other similar work. On March 18, 1880, the plaintiff brought an action in the superior court of San Francisco against the defendant for an accounting and settlement of the partnership affairs, the appointment of a receiver and a dissolution of the partnership, claiming that a large sum of money was due to him from the defendant, and specifying in his complaint a large number of contracts, some of which had been completed and others were in progress. The summons was issued therein, and served upon the defendant the same day. A few days afterward the plaintiff and defendant entered into an agreement to submit their differences to one Thomas W. Scott, in which it was stipulated that said arbitrator should make his award within two days from that date, and that respondent should pay the amount of the award within twenty-four hours after notice thereof. Scott made his award, finding due to the plaintiff $32,000, and this amount was paid by the defendant, and a release was executed to him covering all matters existing between them; and on March 26, 1880, eight days after the commencement of the action, plaintiff's attorney filed in the action, and entitled therein, the following paper: "Let the above-entitled action be dismissed; and the clerk of the court is hereby authorized and directed to enter dismissal thereof without further notice. Hosmer R. McKoon, Attorney for plaintiff." No order or judgment, however, was entered upon this direction until the order and judgment from which the present appeal is taken. This appeal is from an order made and entered on the twenty-seventh day of February, 1895, directing the entry of a judgment of dismissal in said case against the plaintiff, and also from the judgment of dismissal made and entered in said action on that day.

The appeal was taken within sixty days after the entry of the judgment, and the proceedings are brought up by a bill of exceptions, from which it appears that in November, 1894, the plaintiff moved the court to have said cause set for trial, and to fix a day for the trial thereof. Said motion came on for hearing in February, 1895, T. M. Osmont appearing for the plaintiff, and N. B. Kellogg appearing for the defendant, specially for the purpose of hearing that motion and a counter-motion on the part of the defendant that judgment

of dismissal be entered pursuant to said authorization filed therein March 26, 1880, above quoted. Said motions were heard together. Defendant, in support of his motion to dismiss said action, read in evidence said authorization for dismissal; and in opposition thereto, and in support of his motion, the plaintiff read several affidavits, the substance of which is as follows: The affidavit of plaintiff, Truett, recited the purpose and character of the action brought by him against the defendant in March, 1880, for a dissolution of the partnership, and for an accounting and the appointment of a receiver; that they had been carrying on a considerable business as such partners; that the defendant had the main charge and management of the business; that he was denied access to the books of the firm, and had not full knowledge of its affairs; that, shortly after the commencement of the action, he was induced to settle the same; that his attorney filed said authorization for the dismissal of the case; that such settlement and authorization were made upon a material suppression and misrepresentation of facts by the defendant; that, by reason of such suppression and misrepresentation, plaintiff was greatly prejudiced by his consent to said authorization if the same should be held effective to dismiss the action. Said affidavit then proceeded to state as follows: That, among other suppressions and misrepresentations, the defendant caused it to be represented to plaintiff that a contract regarding the construction of a section of the Canadian Pacific Railway, in which plaintiff and defendant were mutually interested, and which had been obtained by defendant for the benefit of said firm, had been sold a short time prior to that, and for which nothing whatever had been realized for the benefit of said firm, the only consideration being that defendant was to receive a monthly salary as superintendent; that affiant, believing said representation to be true, made said settlement, and his attorney filed said paper authorizing dismissal accordingly; that, within a few weeks last past, the plaintiff has learned that said representation regarding said Canadian Pacific Railway contract was totally false; that the defendant had not disposed of the same for the consideration above named, as represented to plaintiff, but still retained an interest in said contract, out of which he subsequently realized a very large sum of money, amounting to several hundred thousands of dollars; that if plaintiff had known the facts

regarding said contract, and that the same had not been disposed of, as stated by defendant, plaintiff would never have consented to any settlement or dismissal of said action; that no part of said profits of said Canadian contract have ever been paid over to plaintiff, and, upon a just and fair accounting, defendant would be indebted to plaintiff, as plaintiff is informed and believes, in a very large sum of money. Affiant further states that no dismissal of said action has ever been entered, and no judgment of dismissal has ever been awarded, and the action is still pending in this court undetermined. Upon the discovery of the fraud above detailed, plaintiff retracted and withdrew his consent to the dismissal of said action; that the defendant has never appeared in said action, and is now absent from this state, and there is no one representing him here upon whom plaintiff can serve notice of this application; and affiant now prays that an order may be entered of record herein authorizing the withdrawal and retraction of said dismissal. Plaintiff also read the affidavit of the arbitrator, Thomas W. Scott, as to the representations of the defendant made to him as arbitrator, fully sustaining the statements contained in plaintiff's affidavit as to defendant's representations in regard to the contract for the construction of the section of said Canadian Pacific Railway, and that no credit was allowed the plaintiff on account thereof. A second affidavit was made by the plaintiff, detailing the circumstances relating to the discovery of the alleged fraud perpetrated by the defendant in said settlement, the first intimation of which he received in the spring of 1894. Plaintiff also read in evidence the following withdrawal or retraction of said authorization, entitled in said court and cause: "Now comes the plaintiff, Miers F. Truett, in the above-entitled action, and withdraws and retracts the order or authorization for a dismissal of said action filed herein by his attorney, Hosmer R. McKoon, on the 26th day of March, 1880. Dated November 1, 1894. Miers F. Truett." Plaintiff also put in evidence the summons in said action, showing personal service on the defendant, and referred to the original complaint in said action; also, the agreement of arbitration and the release executed by him to the defendant upon the payment of the award made by the arbitrator. Upon the hearing of these motions, the court made an order denying the plaintiff's motion to set the cause for trial, and granting the

motion of defendant to dismiss the action, and directing the
entry of a judgment of dismissal without prejudice to a new
action.     These orders were duly excepted to by appellant.
The facts stated in these affidavits were in no respect contra-
dicted, and therefore, for the purposes of the present contro-
versy, must be taken as true.

The filing of the authorization or the direction to the clerk
to dismiss the action, though it would have authorized the
clerk to enter a judgment of dismissal, did not operate to dis-
miss the action, and the court therefore retains full and com-
plete jurisdiction over the cause and the parties.     This propo-
sition is fully sustained by the decisions of this court in the
following cases: Acock v. Halsey, 90 Cal. 215, 27 Pac. 193;
Rochat v. Gee, 91 Cal. 355, 27 Pac. 670; Barnes v. Barnes,
95 Cal. 174, 30 Pac. 298, 16 L. R. A. 660; Brady v. Times-
Mirror Co., 106 Cal. 56, 62, 39 Pac. 209, and other authorities
cited in those cases.

It cannot be questioned that the court had the power to
vacate the authorization filed by the plaintiff, and I think it
equally clear that it was its duty to have done so, unless for
technical reasons suggested by respondent and which will be
hereafter noticed.     The action was an equitable one, for an
accounting, the appointment of a receiver, and the dissolu-
tion of the partnership.     It is true, the defendant had not
answered in the case, but summons had been duly served upon
him upon the day the suit was commenced, and immediately
thereafter the parties agreed to submit their matters of dif-
ference to arbitration, an arbitrator was agreed upon, his
award made, the award was paid, and the plaintiff executed
to the defendant a full release, comprehensive enough in its
terms to embrace the matters concerning the railroad contract
referred to in the affidavits.     But if it be true, as alleged in
the affidavits, and not denied or controverted on the part of
the defendant, that the release was obtained by fraudulent
misrepresentations and concealment on the part of defendant,
there can be neither doubt nor question but that it was in the
power of a court of equity, by some proper proceeding, to re-
lease the plaintiff therefrom, and to permit him to prosecute
his action.     To this proposition no authority need be cited.
It involves only principles which are elementary and familiar.

It is contended, however, on behalf of respondent, that "a
question of fraud cannot be tried on affidavits, or reached by

a motion.'' The proceeding in the court below which is under review on this appeal was not a final trial of any question of fraud, nor the vacation of a solemn release executed by the plaintiff to the defendant, but it was a presentation of facts for the preliminary purpose of removing an impediment to a trial of the matters alleged; and the question is whether, upon this presentation by affidavit, the facts, for the purposes of the motion, being undisputed and undenied, it was not the duty of the court to retain its jurisdiction, and permit the plaintiff to have these matters finally adjudicated in the action which was still pending. Such action of the court would not conclude the defendant as to the facts, nor vacate the release, nor set aside the award, but would give him full opportunity to contest and disprove the alleged fraud if the truth is not as stated in the affidavits. Whether a question of fraud can be tried on affidavits, or reached upon motion, must depend on the character and purpose of the proceeding. For the purpose of inducing some appropriate action of the court in a cause, at its inception, or during its progress, facts may be established by affidavits as the basis of its action, but which do not finally conclude the opposite party as to the truth of the alleged facts. Even a complaint by which an action is commenced may be a tissue of falsehood from beginning to end, but, if verified, may justify the court in granting a preliminary injunction against the defendant, and in all cases is effective as the commencement of an action, and puts the defendant upon his defense. There are many cases in which the court must assume the truth of facts shown by ex parte affidavits for the purpose of preliminary or provisional action, and this, in a very large number of cases, is absolutely essential to the administration of justice. But here, for the purposes of the action of the court now under review, the fraud of defendant, through which it is charged that the plaintiff was induced to authorize a judgment of dismissal, is admitted by the failure of the defendant to deny it, and the court below was bound to act upon the assumption that the fraud charged in the affidavits was fully established for the purposes of the motions under consideration. A more serious question would have arisen if the defendant had presented affidavits denying the fraud; but that question is not presented, and therefore need not be considered. It is not the case of a final judgment which has passed beyond the power of the court to vacate or

modify upon motion, but which can only be reached by a subsequent suit in equity. If there is a question which was involved in the action, or which arose out of it during its progress, even though it might be litigated in a new action, it can be litigated in the original action upon being properly presented by an amended or supplemental complaint. Indeed, the rule is that, if relief can be properly had in the pending action, a new action will not lie. We are fully sustained in this view by the opinion of Chief Justice Marshall in The Hiram, 1 Wheat. (U. S.) 440, 4 L. Ed. 131, where a rule of court had been entered upon the agreement of the parties that the case should abide the decision of the court in another case, and it was there said: "But this court is also of the opinion that, if the agreement was made under a clear mistake, the claimants ought to be relieved from it, where it could be done without injury to the opposite party. If a judgment be confessed under a clear mistake, a court of law will set the judgment aside, if application be made, and the mistake shown, while the judgment is in its power. An agreement, made a rule of court, to confess a judgment, cannot be stronger than a confession itself; and, of course, a party will not be compelled to execute such an agreement, but will be allowed to show cause against the rule in a case where it was clearly entered into under a mistake. If the judgment be no longer in the power of a court of law, relief may be obtained in chancery. Still more certainly will an agreement entered into in a suit originally depending in a court of chancery be relaxed or set aside if it be proved to the court to have been entered into under a mistake. The case cited from Peere Williams (Buck v. Fawcett, 3 P. Wms. 242) is directly in point. These principles are of universal justice, and of universal obligation."

Respondent contends, further, that plaintiff's motion was not to set aside the direction to dismiss the action, but to set the cause for trial. Plaintiff's affidavit concluded as follows: "And affiant now prays that an order may be entered of record herein authorizing the withdrawal and retraction of said dismissal." Besides, he had filed a formal retraction of the authority to dismiss, and that was read to the court upon the hearing. This relief was therefore sought, and the desired action of the court was directly prayed for. But, if it were otherwise, the defendant moved the court for an

order directing a judgment of dismissal to be entered, upon the original direction of the plaintiff, and the showing by affidavits on the part of the plaintiff may be properly regarded as heard in opposition to defendant's motion. The question was before the court. An order was made directing a judgment of dismissal to be entered, and it was entered, and that action of the court is under review upon this appeal. Plaintiff's motion to set the case for trial was premature, as it was not in condition for trial. There was no issue, and the defendant's default would, under the circumstances, have been set aside. We think the court erred in refusing to vacate the direction to dismiss the action, filed March 26, 1880, and in ordering and entering the judgment of dismissal, notwithstanding said judgment is without prejudice to a new action, since it appears the defendant is absent from the state, and there is no showing that he will ever return. Assuming, as we must, the truth of the facts alleged in plaintiff's affidavits, the defendant should not be permitted to profit by his fraud, even to the extent of compelling the plaintiff to litigate that question in a foreign jurisdiction, or in a new action in the same jurisdiction, wherein the defendant might avail himself of defenses which he could not have in this action. We advise that the judgment appealed from be reversed, with directions to the court below to vacate plaintiff's direction to dismiss the action, filed March 26, 1880, and to proceed in said cause after reasonable notice to the defendant, to be given in such manner as may be directed by the court.

We concur: Searls, C.; Chipman, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment appealed from is reversed, with directions to the court below to vacate plaintiff's direction to dismiss the action, filed March 26, 1880, and to proceed in said cause after reasonable notice to the defendant, to be given in such manner as may be directed by the court.