272 P.2d 308

**ARNETT v. THROOP.**

No. 8051.

Supreme Court of Idaho.

June 22, 1954.

James E. Hunt and Raymond T. Greene, Sandpoint, Watt E. Prather, Bonners Ferry, for appellant.

W. J. Nixon, Bonners Ferry, for respondent.

KEETON, Justice.

Plaintiff, appellant here, brought this action against defendant, respondent here, to recover damages for an alleged breach of contract and losses claimed to have been occasioned by such breach.

The parties will be referred to as they appeared in the trial court.

The contract, the basis of the suit, provided for the purchase by plaintiff of certain cedar poles and logs located on the Northwest quarter of Section 27, Township 63 North, Range 2 East, Boise Meridian, owned by defendant. In the complaint plaintiff claimed that defendant failed and refused to deliver the poles and logs contemplated by the contract and pursuant to its terms, and that he had suffered damages. An answer, supplemental answer and cross complaint were filed by defendant, which among other things alleged that he and his

wife had sold the land on which the poles and logs were growing, to James E. Hawkes and Mary Elizabeth Hawkes, his wife, and the contract of sale was made subject to the rights of plaintiff; that the purchasers had agreed to comply with the terms of the contract sued on, and to make delivery of the poles and logs purchased by plaintiff; that plaintiff had agreed to accept from the Hawkes the poles and pay the purchase price as per the contract between plaintiff and defendant. The answer further alleged that certain poles were delivered pursuant to the terms of the contract; that plaintiff refused to pay for the same; accused plaintiff of a breach of the contract and/or supplemental contract in question, and asked for judgment against plaintiff on the cross complaint for alleged damages sustained; and further alleged that the poles would be delivered if plaintiff would pay for the same. On issues thus joined the matter came regularly on for trial on the 16th of October, 1952. During the course of the trial the attorneys representing the respective parties advised the court that the matters and differences complained of had been settled and filed a written signed stipulation, from which we quote:

"That the plaintiff's Complaint in the above entitled action is dismissed with prejudice, and that any and all causes of action of whatsoever nature or kind now existing between the plaintiff and defendant herein, be waived and are hereby forever barred."

The stipulation further provided for a new contract between plaintiff and James E. Hawkes and Mary Elizabeth Hawkes, his wife, successors in interest of defendant, and further that plaintiff might go on the land described in the contract and remove certain cedar poles and logs, the subject matter of the contract sued on. The Hawkes were not parties to this stipulation.

Pursuant to this stipulation made and entered of record, the court on the 17th of October, 1952, entered judgment of dismissal with prejudice.

More than seven months thereafter, on May 28, 1953, plaintiff asked to have the cause reinstated and the judgment of dismissal set aside, on the ground that James E. Hawkes and Mary Elizabeth Hawkes, his wife, had refused to abide by the terms of the stipulation of dismissal, claiming that defendant's action in securing dismissal of plaintiff's cause of action and the action of the Hawkes in not carrying out its terms was a fraud on the court.

Paragraph V of the petition to set aside the judgment of dismissal and reinstate the cause reads as follows:

"The defendant's action in securing a dismissal of plaintiff's cause of action and failing to secure the signature of the said James Hawkes and Mary Elizabeth Hawkes upon the new agreement, or compelling them to carry out the terms of said stipulation, constitutes fraud upon the Court."

In response to a show cause order, affidavits were filed by defendant resisting the motion to set aside the judgment of dismissal and reinstate the cause, in which affidavits it was claimed plaintiff had violated the terms of the stipulation, and the failure of the Hawkes to sign the contemplated contract was due to breaches by plaintiff in numerous particulars alleged.

There was no provision in the stipulation of dismissal which required defendant to guarantee compliance by the Hawkes, successors in interest of defendant, nor was he, by the terms of the stipulation, made responsible if the Hawkes failed to comply.

In an order dated the 2nd of June, 1953, the learned District Judge denied the motion to set aside the judgment and reinstate the cause. From this order plaintiff appealed.

The real cause of complaint on the part of plaintiff seems to be that the Hawkes did not enter into the contract which was contemplated by the parties at the time of the dismissal, or otherwise comply with the terms of said stipulation. In what way the defendant could be held responsible for the action of third parties is not made clear.

No specific allegations of fraud are alleged, and there is nothing charged in the affidavit asking reinstatement which could be construed as fraudulent.

Plaintiff's affidavit in support of his motion to vacate the judgment of dismissal does not show or allege in what way, if at all, he was misled to his prejudice by any action of defendant, nor does the affidavit or motion show any mistake, surprise, inadvertence, or excusable neglect on plaintiff's part, or allege when the claimed fraud was discovered, if it was.

■ As a general rule, subject to certain exceptions not pertinent here, stipulations of parties or counsel made in pending proceedings are conclusive as to all matters properly contained and included therein. 83 C.J.S., Stipulations, § 13, p. 31; 50 Am. Jur. 610, Sec. 9. A valid stipulation binds the parties thereto, but parties to an action cannot by stipulation affect third parties' rights and persons not parties to the stipulation. 83 C.J.S., Stipulations, § 14, p. 33; 50 Am.Jur. 610, Sec. 10.

In this proceeding, plaintiff complains that third parties (the Hawkes) did not abide by the stipulation, or do or perform what he expected of them, and for that reason, after the expiration of more than seven months, he asked the court to reinstate the cause.

Under the provisions of Section 5–905 I.C. the court may relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect.

The application here being considered asking for relief from the judgment of dismissal contains no averments of the existence of any of the elements enumerated in the statute.

Further, the action of the trial court in refusing to vacate the judgment is governed by sound legal discretion, and will not be set aside on appeal unless an abuse of discretion appears. Stevenson v. Hazard, 152 Wash. 104, 277 P. 450; 50 Am.Jur. 613, Sec. 14.

In the proceeding before us, there was no abuse of discretion. The order appealed from is affirmed. Costs to respondent.

PORTER, C. J., and GIVENS, TAYLOR and THOMAS, JJ., concur.