Filed 11/14/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE COMEDY STORE,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br>MOSS ADAMS LLP,<br><br>        Defendant and<br>Respondent. | B327404<br><br>(Los Angeles County<br>Super. Ct. No. 22SMCV01463) |

APPEAL from judgment of the Superior Court of Los Angeles County, Lisa K. Sepe-Wiesenfeld, Judge.  Reversed.

Rosen Saba, James R. Rosen; Ellis George LLP, Todd M. Lander, for Plaintiff and Appellant.

Garrett & Tully, Stephen J. Tully, Ryan C. Squire, and Brian W. Ludeke, for Defendant and Respondent.

Appellant the Comedy Store (the Store) filed a complaint in the Los Angeles Superior Court alleging that the acts and omissions of respondent Moss Adams LLP (Moss Adams) caused the Store to miss the deadline to apply for a grant from a federal program for businesses shuttered by the COVID-19 emergency. Moss Adams moved to dismiss or stay the action based on improper venue, relying on a forum selection clause in the parties' service agreement that provided for exclusive jurisdiction and venue in Washington state. The Store argued the forum selection clause should not be enforced because the agreement contained a predispute jury waiver, which was unenforceable in California but could be enforced in Washington. The trial court granted the motion to dismiss. We reverse.

## BACKGROUND

### A. Factual Background

The following facts are taken from the Store's complaint. The Store is a stand-up comedy venue in Los Angeles. COVID-19 social distancing restrictions forced it to close for more than a year beginning in March 2020. In July 2021, the Store engaged Moss Adams, an accounting firm that held itself out as having expertise in the Coronavirus Aid, Relief, and Economic Security Act (15 U.S.C., §§ 9001, et seq.), to assist it in applying for a Shuttered Venue Operator Grant from the United States Small Business Administration.

The parties signed a Master Services Agreement and Statement of Work (together, the agreement). Relevant to this appeal, the agreement contained a Washington choice of law provision. Another provision stated that, if a dispute arises out of or relates to the Agreement, "each Party hereby irrevocably

2

(a) consents to the exclusive jurisdiction and venue of the appropriate state or federal court located in King County, state of Washington, in connection with any dispute hereunder or the enforcement of any right or obligation hereunder, and
(b) WAIVES ITS RIGHT TO A JURY TRIAL."

The Store alleges it worked with Moss Adams to assemble documentation needed for a grant application. However, before it was able to submit an application, the Store found the program had recently ended. The Store alleges that Moss Adams did not warn it of the program's pending expiration, and had it done so, the Store would have timely submitted its application. It alleges that Moss Adams's acts and omissions prevented the Store from obtaining an $8.5 million grant.

## B.    Procedural Background

The parties agreed to litigate in the United States District Court in Los Angeles. However, after the Store filed its complaint, the district court ordered the Store to show cause why the case should not be dismissed for lack of subject matter jurisdiction. Finding no diversity jurisdiction, the district court dismissed the action. The Store refiled its complaint in the Superior Court, asserting causes of action for gross negligence, negligent misrepresentation, constructive fraud, breach of fiduciary duty, and unfair competition (Bus. & Prof. Code, § 17200).

Moss Adams filed a motion to dismiss or stay the action based on improper venue, citing the agreement's forum selection clause. In the motion, it represented it would "not [ ] enforce any contractual waiver of jury trial in the Washington state court forum."

3

The Store opposed the motion, primarily on the basis that Moss Adams waived any objection to venue in California and had failed to demonstrate that the Store's right to a jury trial would not be diminished in a Washington court. The trial court granted the motion and ordered Moss Adams to provide the Store with a stipulation providing "Plaintiff is entitled to exercise its right to jury trial in any future action arising from the parties' Master Services Agreement and Statement of Work agreement filed in Washington State."

After the motion had been granted, Moss Adams filed a document titled "Stipulation Regarding Plaintiff's Right to a Jury Trial in Washington State" that repeated the above-quoted language verbatim. The document did not include a signature block for the Store, but it included a proposed order that the court signed. It provided, "IT IS HEREBY ORDERED, that Plaintiff is entitled to exercise its right to jury trial in any future action arising from the parties' Master Services Agreement and Statement of Work agreement filed in Washington State."

The Store timely appealed.

## DISCUSSION

The Store asserts several errors on appeal. First, the trial court erred in failing to find Moss Adams waived its ability to enforce the forum selection clause. Second, Moss Adams did not properly show the Store's right to a jury trial would not be diminished if the case were litigated in Washington. Third, the trial court's acceptance of Moss Adams's stipulation effected an improper, partial severance of the jury trial waiver from the rest

4

of the agreement.[1]  Fourth, other considerations (e.g., the location of witnesses) made it unreasonable to enforce the forum selection clause.  We agree with the Store's second contention and need not reach the others.

## A.    Governing Law

"'California favors contractual forum selection clauses so long as they are entered into freely and voluntarily, and their enforcement would not be unreasonable.  [Citation.]  This favorable treatment is attributed to our law's devotion to the concept of one's free right to contract, and flows from the important practical effect such contractual rights have on commerce generally.'  [Citation.]" (*G Companies Management, LLC v. LREP Arizona, LLC* (2023) 88 Cal.App.5th 342, 350 (*G Companies*).)  "A mandatory forum selection clause . . . is generally given effect unless enforcement would be unreasonable or unfair, and the party opposing enforcement of the clause ordinarily bears the burden of proving why it should not be enforced."  (*Handoush v. Lease Finance Group, LLC* (2019) 41 Cal.App.5th 729, 734 (*Handoush*), fn. omitted.)

However, "'California courts will refuse to defer to the selected forum if to do so would substantially diminish the rights of California residents in a way that violates our state's public policy.'  [Citation]" (*G Companies, supra,* 88 Cal.App.5th at p. 350.)  The burden of proof "'is reversed when the claims at issue are based on unwaivable rights created by California

---

[1]    The Store argues that the jury trial waiver was not the only unlawful provision in the agreement, and a proper severance analysis required consideration of all such provisions.  The parties disagree as to whether the Store properly preserved this issue for appeal.

statutes.  In that situation, the party seeking to enforce the forum selection clause bears the burden to show litigating the claims in the contractually[-]designated forum "will not diminish in any way the substantive rights afforded . . . under California law." [Citation.]'" (*Ibid.*, quoting *Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141, 147 (*Verdugo*).)  "[T]his showing requires the defendant to compare the plaintiff's rights if the clause is not enforced and the plaintiff's rights if the clause is enforced.  Indeed, a defendant can meet its burden only by showing the foreign forum provides the same or greater rights than California, or the foreign forum will apply California law on the claims at issue." (*Verdugo, supra,* 237 Cal.App.4th at p. 157.)

We review a trial court's determination of whether a forum selection clause should be enforced through a motion to dismiss for forum non conveniens for abuse of discretion.  (*Quanta Computer Inc. v. Japan Communications Inc.* (2018) 21 Cal.App.5th 438, 446–447.)  We review de novo whether the trial court applied the correct legal standard in exercising its discretion.  (*Lathrop v. Thor Motor Coach, Inc.* (2024) 105 Cal.App.5th 808, 816 (*Lathrop*), citing *Esparza v. Safeway, Inc.* (2019) 36 Cal.App.5th 42, 59.)  Where no conflicting extrinsic evidence has been presented, the interpretation of a forum selection clause is a legal question that we review de novo. (*Korman v. Princess Cruise Lines, Ltd.* (2019) 32 Cal.App.5th 206, 214.)  Review of a lower court's interpretation of a written stipulation is also de novo. (*Munoz v. City of Tracy* (2015) 238 Cal.App.4th 354, 358.)

**B.      Analysis**

The Store argues that its unwaivable right to a jury trial required the forum selection clause to be analyzed under the reversed burden of proof.  The Store further argues the trial court erred in finding the stipulation would prevent diminishment of its right to a jury trial in a Washington court.

A California litigant's right to a jury is "fundamental," "inviolate," and "sacred in its character," and predispute contractual jury waivers are contrary to California's policy. (*Grafton Partners v. Superior Court* (2005) 36 Cal.4th 944, 951, 956 (*Grafton*); *Handoush, supra,* 41 Cal.App.5th at pp. 736–737 ["because the right to jury trial in California is a fundamental right that may only be waived as prescribed by the Legislature, courts cannot enforce predispute agreements to waive a jury trial"].)

In *Handoush*, the parties' contract included a New York forum selection clause and a jury trial waiver.  The trial court granted the defendant's motion to dismiss based on the forum selection clause.  The appellate court reversed.  (*Handoush, supra,* 41 Cal.App.5th at p. 739.)  "[B]ecause enforcement of the forum selection clause here has the potential to contravene a fundamental California policy of zealously guarding the inviolate right to a jury trial, which is unwaivable by predispute agreements, [the defendant seeking to enforce it] bears the burden of showing that litigation in New York 'will not diminish in any way [Handoush's] substantive rights . . . under California law.' [Citation.]" (*Ibid*.)  The *Handoush* court concluded that, "[b]ecause New York permits predispute jury trial waivers, and California law does not, enforcing the forum selection clause [in favor of New York] has the potential to operate as a waiver of a

7

right the Legislature and our high court have declared unwaivable." (*Ibid.*, fn. omitted.)

### 1. *Incorrect Allocation of the Burden of Proof*

Because the agreement contained a predispute jury waiver, it was Moss Adams's burden to show that Washington provided the Store with the same or greater rights to a jury trial than California, or a Washington court would apply California law to decide the enforceability of the predispute jury waiver. (See *Verdugo, supra*, 237 Cal.App.4th at p. 157.) However, as the Store observes, the trial court's order contains no analysis of the reversed burden of proof.

Instead, the trial court's order states, "'The burden of proof is on [the Store] . . . [and] the forum selection clause is presumed valid and will be enforced unless the [Store] shows that enforcement of the clause would be unreasonable under the circumstances of the case.' [Citation.]" The court's incorrect allocation of the burden of proof also was evident in its comments at the hearing, where it asked the Store's counsel to "tell the court why you shouldn't be held to the forum selection clause that . . . your client signed," and requested counsel provide "cases that suggest that despite a stipulation to have a jury trial, that Washington would not uphold that?" In light of this evidence, we will not presume the trial court properly applied the law. (*McDermott Will & Emery LLP v. Superior Court* (2017) 10 Cal.App.5th 1083, 1103.) We conclude the trial court erred in failing to consider whether Moss Adams met its burden to show litigating in Washington would not diminish the Store's unwaivable right to a jury trial. (See *In re Marriage of Schwartz* (1980) 104 Cal.App.3d 92, 96 [lower court's incorrect allocation of

8

the burden of proof, by itself, is reversible error], citing *Henderson v. Harnischfeger Corp.* (1974) 12 Cal.3d 663, 670–673.)

In a recent case addressed by the parties, our colleagues in Division Seven reached a similar conclusion.  In *Lathrop, supra,* 105 Cal.App.5th 808, the defendants sought to enforce an Indiana forum selection clause in a motorhome warranty that also included a waiver of plaintiffs' rights under certain California consumer protection laws and to a jury trial.  (*Id.* at p. 814.)  The *Lathrop* court observed that the defendant had the burden of showing that litigation in Indiana would not diminish the plaintiffs' rights under California law.  (*Id.* at pp. 815, 816.)  However, the trial court's order stated it was the plaintiffs' burden to "'demonstrate that enforcement of the clause would be unreasonable under the circumstances of the case.'"  (*Id.* at p. 816.)  Thus, the "trial court erred in failing to consider whether [defendant] met its burden to show litigating in Indiana would not diminish the [plaintiffs'] unwaivable rights" under California's consumer protection laws.  (*Id.* at p. 818.)

With the reversed burden of proof in mind, we turn to whether Moss Adams demonstrated that Washington law provides the same right to a jury trial that the Store would have in California, or that a Washington court would apply California law and decline to enforce the jury trial waiver.

> 2.  *Whether Washington Provides the Same or Greater Rights to a Jury Trial Than California*

Moss Adams argues the Washington Constitution "guarantees the right to trial by jury in civil cases."  However, the Store directs us to cases where Washington courts have enforced predispute jury trial waivers.  (See *Kahn v. TransForce, Inc.*

(W.D. Wash., Jan. 20, 2023, No. C22-01086-RSM) 2023 WL 346627, at p. *4 [granting motion to strike jury demand where plaintiff signed agreement with a jury trial waiver]; *Cairone v. Prospect Mortg., LLC* (W.D. Wash., Mar. 12, 2014, No. 13-722 RAJ) 2014 WL 989241, at p. *1; *Adler v. Fred Lind Manor* (2004) 153 Wash.2d 331, 360.)  Moss Adams neither addresses these cases nor cites any case where a Washington court has refused to enforce a contractual jury trial waiver.  It was Moss Adams's burden to show the Store's right to a jury trial would not be diminished, so any doubt about the jury trial waiver's enforceability must be resolved against Moss Adams.  Because Moss Adams has not shown the Store's right to a jury trial was the same or greater in a Washington court, its motion should have been denied unless it demonstrated a Washington court would apply California law concerning jury trial waivers.

3.      *Whether a Washington Court Would Apply California Law Concerning the Jury Trial Waiver*

The trial court did not analyze whether Moss Adams met its burden of proving a Washington court would apply California law prohibiting predispute jury waivers.  Instead, the court found that, because Moss Adams "offered a written stipulation to not enforce the jury trial waiver," the Store's "right to [a] jury trial will follow it to Washington State," and this was "sufficient to preserve [the Store's] right to jury trial . . . ."  In essence, the trial court found that Moss Adams's promise not to enforce the jury trial waiver obviated the need for the court to consider whether a Washington court would apply California law concerning predispute jury waivers.

10

The trial court appears to have relied on dicta in the *Verdugo* case, which was echoed in *Handoush*. However, neither case involved a party's promise not to enforce a predispute jury waiver, like the one Moss Adams made in its motion. Neither case held that such a promise satisfies a party's burden of demonstrating a foreign court would apply California law concerning jury waivers.[2] In the course of analyzing various factors, the *Verdugo* court merely noted the absence of a stipulation to apply California law made it less likely that an out-of-state court would do so. (*Verdugo, supra*, 237 Cal.App.4th at p. 159.)

Moss Adams contends the trial court's ruling was correct because the "stipulation [not to enforce the jury waiver] is a contract" that a Washington court will enforce as it would any other contract. The Store disagrees, arguing the document was, at most, a non-binding offer.

We begin by reviewing the agreement to determine if it permits one party to modify its terms without the consent of the other party. It does not. The agreement states: "Both of the Parties must agree in writing to modify this agreement." Thus, a stipulation signed only by Moss Adams was insufficient under the agreement to effect a modification.

Next, we consider whether a Washington court would enforce the stipulation like a contract, as Moss Adams asserts. A

---

2       See *Lathrop, supra*, 105 Cal.App.5th at p. 824 ("Although the court in *Verdugo* mentioned the defendant's unwillingness to stipulate to apply California law in the new forum as a reason not to enforce a forum selection clause, the court did not have occasion to decide whether such a stipulation would have met the defendant's burden to show litigating in the different forum would not diminish the plaintiff's unwaivable rights.").

11

meeting of the minds is required for both contract modifications and stipulations. (*Jones v. Best* (1998) 134 Wash.2d 232, 240 ["The modification was merely attempted because there is no evidence or finding of [defendant's] response. Silence is not acceptance. Mutual modification of a contract by subsequent agreement arises out of the intentions of the parties and requires a meeting of the minds"]; *Gaskill v. City of Mercer Island* (Wash.Ct.App. 1978) 19 Wash.App. 307, 316–317 [error to enforce a stipulation to which one of the parties did not agree]; accord, *Lindsay v. Lewandowski (*2006) 139 Cal.App.4th 1618, 1625 [stipulation for settlement not enforceable because there was no meeting of the minds on a material term].) The Store was not a party to the stipulation, and at the hearing, its counsel confirmed the Store's rejection of the stipulation. Thus, there was no meeting of the minds.

Moss Adams has not directed us to any authority suggesting the trial court could supply the Store's assent to a contract modification or a stipulation. Instead, cases indicate a court may not alter a contract, "rewrite its clear terms, or . . . make a new contract for the parties." (*Moss Dev. Co. v. Geary* (1974) 41 Cal.App.3d 1, 9; *Lande v. Jurisich* (1943) 59 Cal.App.2d 613, 618 [court must "give full force and effect" to a contract that has been "voluntarily, understandingly, and fairly entered into," and "it cannot ignore, disturb, or alter the rights created by it, or grant relief against their enforcement"]; see *Chaffee v. Chaffee* (1943) 19 Wash.2d 607, 625–626 [courts do not have the power "to rewrite contracts which the parties have deliberately made for themselves"].) These restrictions apply even where a contract provision is illegal or against public policy. (See *Ramirez v. Charter Communications, Inc.* (2024) 16 Cal.5th

478, 512 (*Ramirez*) [a court may not "rewrite the contract to avoid the unconscionability embedded in its unambiguous terms"][3].) Here, the contractual jury trial waiver was unambiguous.

Moss Adams also supplies no authority to show the trial court could disregard a contract term that violates public policy because a party has made a post-contractual offer not to enforce it. To the contrary, "[n]o existing rule of contract law permits a party to resuscitate a legally defective contract merely by offering to change it." (*Stirlen v. Supercuts, Inc.* (1997) 51 Cal.App.4th 1519, 1536 [defendant's statement that it was willing to forego enforcement of a contractual limitation of remedies was "at most, as an offer to modify the contract; an offer that was never accepted"], cited with approval in *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 125 (*Armendariz*); see also, *Parada v. Superior Court* (2009) 176 Cal.App.4th 1554, 1584 ["'[C]ourts should not consider after-the-fact offers'" to ameliorate the effects of an unconscionable contract provision; "'[T]he [drafter] is saddled with the consequences of the provision *as drafted*.' [Citation.]"].) These authorities compel the conclusion that the purported stipulation was an unaccepted offer, and a court order could not transform it into a binding modification or stipulation.

Moss Adams has provided no authority suggesting a Washington court would enforce an unaccepted offer. Indeed, it

---

[3]   In *Ramirez*, an unambiguous contract provision authorized attorney fee awards in circumstances where an award was not allowed under the controlling statute. Our high court declined to interpret the provision to bring it into compliance with the statute. Although there is a "legislative preference for an interpretation that is lawful, valid, and effective, . . . that preference is circumscribed by the parties' clearly agreed-upon language." (*Ramirez, supra*, 16 Cal.5th at p. 511.)

13

appears Washington state courts do not enforce stipulations that lack mutual assent. Washington Superior Court Civil Rules, rule 2A states: "No agreement or consent between parties or attorneys in respect to the proceedings in a cause, the purport of which is disputed, will be regarded by the court unless the same shall have been made and assented to in open court on the record, or entered in the minutes, or unless the evidence thereof shall be in writing and subscribed by the attorneys denying the same." (*Gaskill v. City of Mercer Island, supra,* 19 Wash.App. at pp. 316–317; see also, *In re Marriage of Langham* (2005) 153 Wash.2d 553, 562 [stipulation not signed by wife's attorney was not binding against her].) Given this rule, Moss Adams has not shown a Washington court would find the purported stipulation valid.[4]

Moss Adams cites federal and out-of-state cases that, it argues, have upheld similar stipulations to forego a contractual

---

[4]     At oral argument, Moss Adams cited *State v. Basin Development & Sales Co.* (1958) 53 Wash.2d 201, 205 (*Basin*) as support for a new argument that Washington courts would accept unilateral stipulations. However, it did not make this argument or cite this case in its brief. We are not required to consider any point made for the first time at oral argument, and we deem it waived. (*Kinney v. Vaccari* (1980) 27 Cal.3d 348, 356, fn. 6.) *Basin* is distinguishable, in any event, as it involved circumstances unique to condemnation cases. After trial, the condemnee learned the condemnor presented a different construction plan in a neighbor's case, one adding a fence. A new trial motion was granted, even though the condemnor stipulated it would not build the fence. The Washington Supreme Court reversed, noting "[o]ur decisions have recognized the right of the condemnor to stipulate in mitigation of damages," such stipulations were unilateral by necessity, and the stipulation merely changed the plan to conform to proof presented to the jury. (*Id.* at pp. 204–205.) *Basin* did not authorize courts to accept unilateral stipulations in other types of cases.

14

provision in order to enforce a forum selection clause. These cases are non-binding and distinguishable. (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 175 [decisions of our "sister states and the lower federal courts may be instructive to the extent we find their analysis persuasive but they are not controlling on matters of state law"].) Three of the cases involved bilateral stipulations,[5] a circumstance not present here and a prerequisite to the validity of a stipulation in Washington. All of the cases involved agreements to *apply a particular state's law* to analyze the dispute at issue, as this is the showing a party must make to enforce a forum selection clause bearing upon an unwaivable California right.[6] Moss Adams, however, neither

---

[5]    *Harvey Barnett, Inc. v. Shidler* (D. Colo. 2001) 143 F.Supp.2d 1247, 1250–1251 [the parties "stipulated that Colorado law . . . should apply"]; *LTL Acres Limited Partnership v. Butler Manufacturing Company* (Del. 2016) 136 A.3d 682, 685 [the parties stipulated that Rhode Island law applies]; *In re American Intern. Group, Inc., Consol. Derivative Litigation* (Del. Ch. 2009) 976 A.2d 872, 882 [the parties "tacitly concede[d] that Delaware law is applicable"].

[6]    *Derosa v. Thor Motor Coach, Inc.* (C.D. Cal., Sept. 30, 2020, No. 220CV04895SVWPLA) 2020 WL 6647734, at pp. 1–2 [defendant agreed "Plaintiff would retain jury trial rights in the transferee [Indiana] court consistent with Cal. Code Civ. P. § 631(a) and Fed. R. Civ. P. 38, and that the Song-Beverly Act would apply to Plaintiff's breach of warranty claims in the transferee court"]; *Baxter v. Thor Motor Coach, Inc.* (E.D. Cal., Apr. 20, 2020, No. 2:19-CV01532-JAM-CKD) 2020 WL 1911549, at pp. 1, 4 [stipulation to apply Song Beverly Act claim in Indiana]; *Wework Companies Inc. v. Zoumer* (S.D.N.Y., Apr. 5, 2016, No. 16-CV-457 (PKC) 2016 WL 1337280, at p. 3 ["petitioner concedes that California law governs respondent's underlying claims"]. *Derosa* and *Baxter* are unpersuasive for another reason. As we will discuss, *infra*, Thor Motor Coach (Thor) was the defendant in *Lathrop*, and the subject of the case was Thor's

15

offered to stipulate nor stipulated that California law would apply to the jury trial waiver. Moreover, none of these cases involved Washington courts or Washington law, and therefore, do not shed light on how a Washington court would treat a unilateral stipulation or the contractual jury trial waiver.

Moss Adams also contends that, because the trial court signed the proposed order that accompanied the purported stipulation—stating that the Store is entitled to exercise its right to jury trial in Washington—a Washington court would honor the stipulation as it would any other foreign order. However, it does not show that a Washington court would accord full faith and credit to an order based upon a stipulation that lacks mutual assent.

The case Moss Adams cites in support of its argument, *Brett v. Martin* (Wash.Ct.App. 2019) 9 Wash.App.2d 303, 309, is distinguishable. *Brett* involved a public agency's enforcement of a Canadian child and spousal support order that was governed by the Uniform Interstate Family Support Act (UIFSA). Under that act, when a "foreign support order" is registered, "it is enforceable in the same manner, and subject to the same procedures, as an order issued by a Washington tribunal, with the exception that it may not be modified by Washington courts." (*Id.* at p. 309, citing RCW 26.21A.510.) However, Moss Adams does not contend the UIFSA applies to an order unrelated to child or spousal support, nor one based upon a one-party stipulation. Accordingly, *Brett*

---

stipulation not to enforce warranty provisions that violated California law. The *Lathrop* court concluded that requiring the plaintiffs to accept Thor's stipulation would violate public policy. *(Lathrop, supra,* 105 Cal.App.5th at p. 820.)

16

provides no assurance that a Washington court would enforce the trial court's order.

Moss Adams also argues that judicial estoppel would prevent it from contradicting its stipulation. The sole Washington case it cites, *Miller v. Campbell* (2008) 164 Wash.2d 529, 539, is unpersuasive. The question in *Miller* was whether judicial estoppel barred a damages claim that a bankruptcy debtor failed to disclose in his schedules. The Washington Supreme Court held that judicial estoppel did not apply because the bankruptcy trustee was the real party in interest. (*Id.* at p. 532.) *Miller* does not show how judicial estoppel might apply to a one-party stipulation made in a court of a different state. We note that Washington courts reserve the power to allow parties to avoid stipulations. (See *Stevenson v. Hazard* (1929) 152 Wash. 104, 110 [Courts may exercise their discretion to "relieve parties from stipulations which they have entered into in the course of judicial proceedings . . . ."].) Whether such relief would be available to Moss Adams is unknown, but its availability suggests that the protection afforded by judicial estoppel may not be as absolute as Moss Adams contends.

4.    *Giving Effect to Moss Adams's Stipulation Encourages Continued Use of an Otherwise Unenforceable Forum Selection Clause*

The *Lathrop* court also addressed whether a party can satisfy its burden under *Verdugo* by unilaterally stipulating to forego enforcement of contract provisions that are unenforceable under California law. (*Lathrop, supra*, 105 Cal.App.5th at p. 820.) As matter of first impression, the *Lathrop* court held that the stipulation did not "render[ ] an otherwise unenforceable

17

forum selection clause enforceable." (*Ibid*.)  The defendant's practice, the *Lathrop* court observed, was to include the unenforceable provisions in its California warranties, and when sued in a California court, agree not to enforce those provisions so that the Indiana forum selection clause could be enforced.  (*Id*. at p. 821.)  Only plaintiffs who filed in California, engaged experienced counsel, and argued the forum selection clause implicated their unwaivable statutory rights were able to avoid it.  (*Ibid*.)  The forum selection clause would deter other California plaintiffs from suing at all, and those who sued in Indiana would later discover the state's laws were less favorable to their claims.  (*Ibid*.)  The *Lathrop* court found that requiring the plaintiff to accept the stipulation would incentivize the defendant to continue to include unenforceable provisions in its contracts.  (*Ibid*.)

Though we acknowledge this case does not involve consumer plaintiffs like those in *Lathrop*, it does raise a related issue.  Predispute jury waivers have been unenforceable in California for nearly 20 years.  (See *Grafton, supra,* 36 Cal.4th at p. 956.)  According to a declaration from Moss Adams's general counsel, engagement agreements similar to the one signed by the Store have been in use throughout this time.  If we were to hold that Moss Adams's unilateral stipulation satisfied its burden of proof under *Verdugo*, it would have little incentive to take the jury waiver out of the agreements it provides to California clients.  It can simply wait and see if a client who signs the agreement sues it in California and argues the forum selection clause impinges on the client's right to a jury trial.  Then Moss Adams can provide a non-enforcement stipulation.  However, if the client does not recognize its right to a jury is unwaivable, it

18

may end up abiding by the terms of the agreement and litigating the case in Washington without a jury.

Accordingly, we conclude the trial court erred in enforcing the forum selection clause.

## DISPOSITION

The judgment is reversed, and we remand with instructions that the trial court vacate its order granting Moss Adams's motion to dismiss or stay the action based on improper venue and enter an order denying the motion.  The Store is awarded its costs on appeal.

MORI, J.

We concur:

COLLINS, Acting P. J.

ZUKIN, J.

19